IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WINFIELD KINGMAN BROAD, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **JACK LEWIS HITTS, individually and as** | : | 5:08-CV-366 (CAR) |
| **agent for RED STAR EXPRESS, INC.; and** | : | |
| **AMERISURE MUTUAL INSURANCE** | : | |
| **COMPANY a/k/a AMERISURE INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendants.** | : | |

*ORDER ON MOTION TO INTERVENE*

This is a diversity tort action arising out of injuries sustained by Plaintiff Winfield Kingman Broad, Jr. from a tractor-trailer accident. Plaintiff has filed this action against the driver of the other tractor-trailer, the driver's employer, and the employer's insurer. Currently pending before the Court is a Motion to Intervene [Doc. 34] by Gibraltar National Insurance Company ("Gibraltar"), the workers' compensation insurer for Plaintiff's employer. In it, Gibralter seeks to intervene in this action to enforce a statutory subrogation lien. Plaintiff filed a timely Response [Doc. 36] to the Motion. After review of the arguments of the parties and the relevant authorities, the Court finds that Gibraltar may intervene in this action. Accordingly, and for the reasons discussed below, the Motion to Intervene [Doc. 34] is hereby **GRANTED**.

**I.  Background**

Plaintiff filed this suit to recover for injuries sustained from an October 24, 2006 tractor-trailer accident that occurred at a loading dock in Fort Valley, Georgia. Plaintiff alleges that

while he was parked at a loading dock, Defendant Jack Hitts negligently caused the trailer of his truck to strike the front of Plaintiff's truck.  At the time of the accident, Plaintiff was employed by Continental Express, Inc. ("Continental") and subject to workers' compensation benefits provided by Gibraltar, who was Continental's workers' compensation carrier.

Gibraltar alleges that as of the date of filing its Intervenor Complaint, pursuant to Georgia's workers' compensation laws, it has paid a total of $119,457.12 in workers' compensation benefits to or on behalf of Plaintiff as compensation for his indemnity benefits and medical expenses.  Gibraltar now seeks to intervene in this action in order to preserve its statutory subrogation lien under O.C.G.A. § 34-9-11.1.

## II.  Discussion

Gibraltar seeks to intervene in the pending action under Federal Rule of Civil Procedure 24(a).  A party is entitled to intervene as a matter of right if, on a timely motion, the intervenor is one who

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Here, Gibraltar contends that it is entitled to intervene as a matter of right under subsection (2) because it has an interest in the case that will be impaired if it does not intervene.  The Court agrees.  First, O.C.G.A. § 34-9-11.1 provides Gibraltar a statutory subrogation lien for workers' compensation benefits it has paid to Plaintiff, so long as Plaintiff is fully and

completely compensated for his injuries. This subrogation lien constitutes an "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Second, disposition of the action may impair or impede Gibraltar's ability to protect its interest in the subrogation lien. See, e.g., Lee v. Genie Indus., Inc., No. 3:07-CV-47(CDL), 2007 WL 3284873 at *2 (M.D. Ga. Nov. 6, 2007); Cribb v. Wes-Flo, Co., No. 7:06-CV-60(HL), 2006 WL 2982591, at *2 (M.D. Ga. Oct. 18, 2006). Third, Plaintiff does not adequately represent Gibraltar's interest in its subrogation lien. See Lee, 2007 WL 3284873, at *2. Finally, Gibraltar's Motion to Intervene is timely. Thus, the Court finds that Gibraltar is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2).

Although Plaintiff does not oppose the intervention, he does maintain that the Court should prohibit Gibraltar's participation in the jury trial of Plaintiff's case. In this diversity case, the Court will continue to apply Georgia law, which adequately addresses Plaintiff's concerns over Gibralter's participation in a jury trial. Georgia law provides for the bifurcation of trial in subrogation cases in order "to avoid revealing to the jury that the employee has already recovered a collateral source, the workers' compensation benefits." Canal Ins. Co. v. Liberty Mut. Ins. Co., 256 Ga. App. 866, 870 (2002). The Court finds that a bifurcated trial, first on the primary claims, and then, after the verdict or settlement on the issue of full and complete compensation, would alleviate Plaintiff's concerns. Moreover, Georgia law advocates the use of a special verdict form in the first portion of the bifurcated trial, "to determine what recovery is returned for medical expenses, lost wages, and pain and suffering, because the subrogation cannot be satisfied out of a noneconomic recovery." Id. at 870-71. Without a special verdict form, an insurer would have a difficult time proving that an employee had been fully compensated. Id. at 871. Georgia courts have also noted that because "[a]n intervenor's choice

of pleadings or argument may on occasion conflict with a plaintiff's choice[,]" the trial courts have the responsibility to "referee such disagreements and conflicts . . . on a case-by-case basis." Int'l Maint. Corp. v. Inland Paper Bd. & Packaging, Inc., 256 Ga. App. 752, 754-55 (2002). Thus, at this time, there is no need for the Court to specifically delineate the boundaries of Gibraltar's trial participation.

## CONCLUSION

For the reasons expressed herein, Gibraltar's Motion to Intervene [Doc. 34] is hereby **GRANTED.** Gibraltar is hereby DIRECTED to electronically file its Complaint-in-Intervention [Doc.34-2] as a separate document.

**SO ORDERED.** This 14th day of December, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH/apg