IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WINFIELD KINGMAN BROAD, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 5:08-CV-366 (CAR) |
| | : | |
| | : | |
| **JACK LEWIS HITTS, individually and** | : | |
| **as agent for RED STAR EXPRESS, INC.,** | : | |
| **and AMERISURE MUTUAL** | : | |
| **INSURANCE COMPANY a/k/a** | : | |
| **AMERISURE INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

*ORDER ON DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL*

Currently before the Court is Defendant Amerisure Mutual Insurance Company's ("Amerisure") Motion for Permission to Seek Interlocutory Appeal [Doc. 92]. The Court issued its Order denying Amerisure's Motion for Summary Judgment on September 30, 2011, finding that genuine issues of material fact exist as to whether Defendant Jack Hitts is an "insured" under the Policy and whether the tractor driven by Mr. Hitts is a "covered auto" under the "nonowned auto" provision of the Policy. See Sept. 30, 2011 Order, Doc. 91. Thereafter, Amerisure filed the current Motion seeking a certification for interlocutory appeal from this Court's Order on the issue of whether the

1

trailer attached to Jack Hitts' tractor could qualify as a "non-owned" vehicle under the Policy. For the following reasons, Amerisure's Motion [Doc. 92] is **DENIED**.

The certification of interlocutory appeals from a district court to the court of appeals is governed by 28 U.S.C. § 1292(b). By its terms, § 1292(b) authorizes an appeal of an interlocutory order only where (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the termination of the litigation." 28 U.S.C. § 1292(b); see also OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that a litigant seeking § 1292(b) certification must satisfy all of these elements); McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1264 (11th Cir. 2004) (describing these three criteria as the "core requirement" for § 1292(b) certification).

The Eleventh Circuit has characterized § 1292(b) interlocutory appeals as a "rare exception" to the premise that the great bulk of appellate review must be conducted after final judgment. McFarlin, 381 F.3d at 1359; see also OFS Fitel, 549 at 1359 (pointing out that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals"). As a result, § 1292(b) should "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation [,] where a question which would be dispositive of the litigation is raised[,] and there is serious doubt as to how it should

2

be decided." McFarlin, 381 F.3d at 1256.

Amerisure's request that this Court certify an appeal from its so-called "ruling" that "there is a question of fact with regard to whether the *trailer* attached to Jack Hitts' tractor could qualify as a 'non-owned' vehicle under the policy issued by Amerisure to Ron Hitts Trucking" fails to meet these requirements.  (Memorandum in Support of Amerisure's Motion for Permission to Seek Interlocutory Appeal, Doc. 29-1, p. 2) (emphasis added).  In its Order, this Court ruled that questions of fact exist as to whether the *tractor* qualifies as a "non-owned auto" under the policy, not the *trailer*.  (Order on Amerisure's Motion for Summary Judgment, Doc. 91, p. 12) ("The Court does find . . . that issues of fact must be resolved in order to determine whether the *tractor* is covered under the "Nonowned Auto" provision of the Policy"; and "There is evidence in this case from which a reasonable jury could find that Defendant driver Jack Hitts was using the *tractor* "in connection with" Ron Hitts Trucking's business at the time of the collision." (emphasis added)).  Thus, this Court cannot authorize an appeal from a ruling it did not make.

Furthermore, it appears as if Amerisure has attempted to raise new grounds for summary judgment.  In its motion for summary judgment, Amerisure made no argument concerning the implications of coverage for this accident if the *trailer* is not covered under the policy.  Even if Amerisure had explained in either its motion for

3

summary judgment or this motion for interlocutory appeal how the *trailer*, not being a "covered auto" under the policy, would lead this Court to conclude that the accident is not covered under the policy – which it did not do – Amerisure cannot now raise new arguments for summary judgment in a motion for interlocutory appeal.  See McFarlin, 381 F.3d at 1256.

Thus, Amerisure has failed to establish that an appeal from this Court's Order on Defendant's Motion for Summary Judgment is authorized, and Amerisure's Motion [Doc. 92] is **DENIED**.

**SO ORDERED** this 14th day of November, 2011.

                                  S/  C. Ashley Royal
                                  C. Ashley Royal
                                  United States District Judge

SSH